IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

MARCH SESSION, 1999

**FILED**

May 18, 1999

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **JAMES G. WINGARD,** | ) | **C.C.A. NO. 02C01-9809-CC-00293** |
| | ) | |
| Appellant, | ) | |
| | ) | **LAKE COUNTY** |
| **V.** | ) | |
| | ) | |
| | ) | **HON. R. LEE MOORE, JR., JUDGE** |
| **FRED RANEY, WARDEN,** | ) | |
| | ) | |
| Appellee. | ) | **(HABEAS CORPUS)** |

FOR THE APPELLANT:                    FOR THE APPELLEE:

**JAMES. G. WINGARD,** *pro se*        **JOHN KNOX WALKUP**
N.W.C.C. #68091                        Attorney General & Reporter
Route 1, Box 660
Tiptonville, TN  38079                 **CLINTON J. MORGAN**
                                       Assistant Attorney General
                                       2nd Floor, Cordell Hull Building
                                       425 Fifth Avenue North
                                       Nashville, TN  37243

                                       **C. PHILLIP BIVENS**
                                       District Attorney General
                                       P.O. Drawer E
                                       Dyersburg, TN  38024

OPINION FILED _____

AFFIRMED PURSUANT TO RULE 20

THOMAS T. WOODALL, JUDGE

# ORDER

In this case, the Petitioner, James G. Wingard, has appealed as of right from the trial court's dismissal of his petition for writ of habeas corpus. From the record, it appears that Petitioner is currently serving a sentence resulting from his conviction for first degree murder in 1970. He has additional convictions, at least one of which is consecutive to the sentence for first degree murder.

It appears that the basis of his complaint is that the Department of Correction erroneously increased his release eligibility date for parole on the first degree murder conviction by twenty (20%) percent. Habeas corpus relief is available only when it appears upon the face of the judgment or the record that the convicting court was without jurisdiction or when a defendant's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993).

Attached to the petition for writ of habeas corpus are documents which reflect that Petitioner has sought administrative relief within the Department of Correction, which has been denied. There is nothing in the record which indicates that the convicting court was without jurisdiction or that the Defendant's sentence has expired. Therefore, the trial court properly dismissed the petition for writ of habeas corpus.

The judgment rendered by the trial court in dismissing the petition for writ of habeas corpus was in a proceeding before the trial court without a jury, and was not a determination of guilt. The evidence does not preponderate against the finding of the trial judge, and no error of law requiring a reversal of the judgment is apparent on the record. It is accordingly ordered that the judgment of the trial court is affirmed in accordance with Rule 20 of the Court of Criminal Appeals of Tennessee.

_____
THOMAS T. WOODALL, Judge


CONCUR:


_____
GARY R. WADE, Presiding Judge


_____
JOSEPH M. TIPTON, Judge